**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10179 |
| Plaintiff-Appellee, | D.C. No. 4:11-cr-04021-RCC-DTF-1 |
| v. | |
| JOSEPH EDWARD CAMARGO, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted December 14, 2021**

Before: WALLACE, CLIFTON, and HURWITZ, Circuit Judges.

Joseph Edward Camargo appeals from the district court's amended judgment and challenges the 50-year sentence imposed upon remand for resentencing following his jury-trial convictions for second-degree murder, in violation of 18 U.S.C. §§ 1111 and 1152; assault resulting in serious bodily injury, in violation of

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

18 U.S.C. §§ 113(a)(6) and 1152; possession of ammunition by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and 2 counts of possession and discharge of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Camargo's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. We have provided Camargo the opportunity to file a pro se supplemental brief. No pro se supplemental brief or answering brief has been filed.

We previously affirmed Camargo's convictions, but remanded for the district court to resentence Camargo. *See United States v. Camargo*, 738 Fed. App'x 567 (9th Cir. 2018). Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), discloses no arguable grounds for relief on direct appeal regarding the sentence imposed upon remand.

However, we remand for the district court to correct the judgment in the following respects: (1) reduce the terms of supervised release for Counts 4 (assault resulting in serious bodily injury) and 5 (possession of ammunition by a prohibited person) to 3 years each, which is the statutory maximum for those offenses, *see* 18 U.S.C. §§ 3559(a)(3), 3583(b)(2); *see also* 18 U.S.C. §§ 113(a)(6), 924(a)(2); (2) with respect to Count 1, change first degree murder to second degree murder;

2                                                                                    19-10179

and (3) with respect to Count 4, change the statute of conviction from 18 U.S.C. § 113(a)(3) to 18 U.S.C. § 113(a)(6).

Camargo's counsel's motion to withdraw is **GRANTED.**

**AFFIRMED in part; REMANDED to correct the judgment in part.**